IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Randy Drummond,<br><br>    PLAINTIFF,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>    DEFENDANT. | Case No. 8:15-cv-02247-TLW |

## ORDER

Plaintiff Randy Drummond, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security granting Plaintiff's claim for social security income.[1] ECF No. 1. The Commissioner filed a motion to dismiss the complaint as untimely on November 23, 2015. ECF No. 30. On August 10, 2016, United States Magistrate Judge Jacquelyn D. Austin filed the First Report and Recommendation recommending dismissal of the complaint as untimely. ECF No. 42. On April 13, 2017, this Court recommitted the case to the Magistrate Judge for review of Plaintiff's assertions in his objections concerning the effects of his medical treatment on the tolling deadline. ECF No. 48.

This matter is now before the Court for review of the Second Report and Recommendation (the Second Report) filed by Magistrate Judge Austin to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a),

---

[1] Specifically, Plaintiff asserts that he became disabled before September 17, 2013, the date determined by the ALJ. ECF Nos. 1, 33.

(D.S.C.). ECF No. 58. In the Second Report, the Magistrate Judge again recommends granting the Commissioner's motion to dismiss the complaint as untimely filed. *Id.* Plaintiff filed objections to the Second Report, and the Commissioner replied. ECF Nos. 65, 67. Plaintiff also filed a motion for leave to supplement the record to include the exhibits attached to his objections. ECF No. 66. This matter is now ripe for disposition.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

After careful consideration of the Second Report, the objections to the Second Report, the record, and Plaintiff's attachments, this Court accepts the Magistrate Judge's conclusion that Plaintiff's complaint is subject to dismissal. The Court notes that Plaintiff concedes he failed to comply with the 60-day deadline to appeal the Commissioner's decision. ECF No. 44 at 1. In fact, the record reflects the Plaintiff filed his complaint some ten and one-half months late. However, he asserts that his medical treatment impeded him from "meeting legal obligations" such as this deadline. *Id.* at 2. Specifically, Plaintiff argues that *Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991) supports the application of equitable tolling in this case. ECF No. 65. He also alleges that he has provided affidavits to support this contention. *Id.* However, after careful review of the

Plaintiff's filings, the attachments provided by Plaintiff do not contain sufficient information supporting that he is mentally impaired or that his treatment caused mental impairment.

This Court accepts the Magistrate Judge's conclusion that Plaintiff has not asserted sufficient facts to toll the 60-day deadline. The claimant in *Canales* provided information regarding her mental impairment during the relevant time period for filing an appeal. No such facts have been presented here. Additionally, Plaintiff has not set forth with specificity why his medical condition precluded him from complying with the filing deadline.

The Plaintiff did submit medical records with the objections to the Second Report. Those records include treatment notes from his diagnosis, treatment, and follow-up appointments. Specifically, the supplemental records attached to Plaintiff's objections note that Plaintiff was doing well overall, ECF No. 65-1 at 8; "things are going fairly well," *id.* at 3; "he has been doing quite well since he left the hospital," *id.* at 6; he was doing well and not required back for a follow-up for 6 months, *id.* at 7; "his energy level has been good," *id.* at 9; "he has . . . been in good health and good spirits," *id.* at 12.

While the Plaintiff did present records of his medical condition, the evidence does not indicate that his condition or treatment prevented the Plaintiff from timely filing his complaint. He has provided no medical evidence that specifically provides a justification for filing ten and one-half months late. The Plaintiff has not shown exceptional circumstances, nor has he shown that his medical circumstances or any serious mental impairment existed that excuses his failure to file timely.

Therefore, in light of the standard set forth in *Wallace*, Plaintiff's objections, ECF No. 65, are overruled, and the Second Report, ECF No. 58, is **ACCEPTED**. For the reasons articulated by the Magistrate Judge and those stated herein, the Commissioner's Motion to Dismiss, ECF No.

30, is **GRANTED**, and Plaintiff's motion to supplement the record, ECF No. 66, is denied as **MOOT**.

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Chief United States District Judge

September 27, 2018
Columbia, South Carolina